NOURSE & BOWLES, LLP
Attorneys for Plaintiff
STX PAN OCEAN CO., LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STX PAN OCEAN CO., LTD.

                Plaintiff,

     - against -

SHINE STAR SEA TRANSPORT PTE., LTD.,

                Defendant.

------------------------------------------------------------X

**Judge Hellerstein**

07 CV 3087

07 Civ.    (    )

**VERIFIED COMPLAINT**

Plaintiff, STX Pan Ocean Co., Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Shine Star Sea Transport Pte., Ltd. ("Defendant"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The relief sought herein is also provided under the United States Arbitration Act, 9 U.S. Code § 1 et seq. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place of business at Gwanghwamun Office Building, 163 Shinmunno, 1-ga, Chongno-gu, Seoul, South Korea.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Singapore with an office and place of business at 10 Anson Road, International Plaza #18-24, Singapore 079903.

4. Pursuant to a contract of time charter party dated January 26, 2007, Plaintiff, as disponent owner chartered the vessel M/V TENSHOU MARU to Defendant, as charterer. The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply and Plaintiff has appointed its arbitrator.

5. Pursuant to the aforesaid charter the vessel was delivered into Defendant's service on February 4, 2007 and remained in Defendant's service until April 11, 2007. An accounting of debits and credits at the end of the charter shows that Defendant owes Plaintiff the net amount of $169,532, no part of which has been paid although duly demanded (Defendant has sought to set this amount off against an entirely different transaction which Plaintiff has refused as it contests it owes any amount to Defendant under the entirely different transaction).

6. Defendant has therefore breached its contract with Plaintiff and currently owes to Plaintiff the principal amount of $169,532.

7. Interest is routinely awarded to the prevailing party in London and Plaintiff claims interest on the above amount of $25,000 based on an estimate of what interest will be due and owing following the completion of arbitration in London.

8. Costs, including solicitor's fees, arbitrators' fees and expenses are also routinely awarded to the prevailing party in London and Plaintiff claims the amount of $75,000 representing a reasonable estimate of the likely solicitor's fees and costs to present and determine Plaintiff's claim in London.

9. By reason of the foregoing premises, Plaintiff claims the total sum of $269,532 inclusive of estimated interest and recoverable legal costs against Defendant by reason of Defendant's breach of the aforesaid charter as best as can presently be calculated.

10. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $269,532 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

    C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

   D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

   E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
   April 17, 2007

          NOURSE & BOWLES, LLP
          Attorneys for Plaintiff

         By:_____
          Armand M. Paré, Jr. (AP-8575)
          One Exchange Plaza
          At 55 Broadway
          New York, NY 10006-3030
          (212) 952-6200

STATE OF NEW YORK         )
                          ) ss:
COUNTY OF NEW YORK        )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to and subscribed to
before me this 17th day of
April , 2007

_____
Notary Public
CORINE M. COLLIGAN
Notary Public, State of New York
No. 01CO6014998
Qualified in Richmond County
Commission Expires 10/19/20__

6